UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BENNETT NELSON,<br><br>　　　　　Plaintiff,<br><br>v.<br><br>HOUSING AND COMMUNITY DEVELOPMENT SERVICES OF SAN DIEGO,<br><br>　　　　　Defendant. | Case No.:  3:22-cv-02044-RBM-DDL<br><br>**ORDER DENYING PLAINTIFF'S MOTION FOR APPOINTMENT OF COUNSEL**<br><br>**[Doc. 2]** |

## I.　INTRODUCTION

On December 23, 2022, Plaintiff Bennett Nelson ("Plaintiff") filed an action against his former employer, Housing and Community Development Services of San Diego ("Defendant"), alleging violations of Title VII of the Civil Rights Act of 1964.  (Doc. 1.) Plaintiff states he "was subjected to harassment, FMLA violations, [n]ame calling [and] welfare checks," which led to him being discharged "without cause." (*Id.* at 2.)  Also on December 23, 2022, Plaintiff filed a Motion for Appointment of Counsel ("Motion"). (Doc. 2.)  For the reasons discussed below, Plaintiff's Motion is **DENIED WITHOUT PREJUDICE**.

/ / /

/ / /

1

## II. DISCUSSION

In the Motion, Plaintiff represents that he made diligent efforts to obtain counsel but was unsuccessful. (*Id.* at 1–2.) Plaintiff states "[d]ue to discrimination, it has been difficult to obtain legal counsel" and "[l]egal costs are very high." (*Id.* at 3.) Thus, Plaintiff requests the Court appoint counsel in this matter. (*Id.* at 1.)

"Generally, a person has no right to counsel in civil actions." *Palmer v. Valdez*, 560 F.3d 965, 970 (9th Cir. 2009); *see also Storseth v. Spellman*, 654 F.2d 1349, 1353 (9th Cir.1981). "[A]n indigent's right to appointed counsel . . . exist[s] only where the litigant may lose his physical liberty if he loses the litigation." *Lassiter v. Dep't. of Soc. Servs.*, 452 U.S. 18, 25 (1981). However, Congress has authorized courts to appoint counsel for indigent litigants under "exceptional circumstances." 28 U.S.C. § 1915(e)(1); *Terrell v. Brewer*, 935 F.2d 1015, 1017 (9th Cir. 1991). "A finding of exceptional circumstances requires an evaluation of both 'the likelihood of success on the merits and the ability of the petitioner to articulate his claims pro se in light of the complexity of the legal issues involved.'" *Terrell*, 935 F.2d at 1017 (citing *Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986)). Only "rarely" will a federal court find a case to be so complex that it is appropriate to appoint counsel for a civil litigant who faces no loss of liberty in the controversy at hand. *See Dotson v. Dr.*, No. 1:14-CV-00093-LJO, 2014 WL 2208090, at *1 (E.D. Cal. May 28, 2014) ("[c]ounsel is appointed in civil cases only rarely, if exceptional circumstances exist"); *United States v. Melluzo*, No. CV-09-8197-PCT-MHM, 2010 WL 1779644, at *3 (D. Ariz. May 3, 2010); *see also Schwartzmiller v. Roberts*, No. CIV. 93-1276-FR, 1994 WL 48967, at *3 (D. Or. Feb. 11, 1994), *aff'd*, 62 F.3d 1425 (9th Cir. 1995).

In this case, there is no basis to support a finding of exceptional circumstances such that appointment of counsel would be warranted at this time. First, the Court notes it is difficult to determine Plaintiff's likelihood of success on the merits at the pleading stage, and Plaintiff has not demonstrated a likelihood of success on the merits of his claims. Second, Plaintiff has not shown that the complexity of the issues involved is sufficient to

require designation of counsel. *See Wilborn*, 789 F.2d at 1331 ("[i]f all that was required to establish successfully the complexity of the relevant issues was a demonstration of the need for development of further facts, practically all cases would involve complex legal issues"). Third, there is no basis for the Court to conclude Plaintiff lacks the ability to articulate and prosecute his claims pro se.

Finally, the Court acknowledges that pro se litigants are afforded some leniency to compensate for their lack of legal training. *See Blaisdell v. Frappiea*, 729 F.3d 1237, 1241 (9th Cir. 2013) ("[c]ourts in this circuit have an obligation to give a liberal construction to the filings of pro se litigants"). Accordingly, the Court will consider Plaintiff's pro se status when his filings are reviewed.

### III.   CONCLUSION

For the foregoing reasons, Plaintiff's Motion is **DENIED WITHOUT PREJUDICE**.

**IT IS SO ORDERED**.

Dated:  January 9, 2023

_____
HON. RUTH BERMUDEZ MONTENEGRO
UNITED STATES DISTRICT JUDGE