UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BENNETT NELSON,<br><br>　　　　　　　　　Plaintiff,<br><br>v.<br><br><br>HOUSING AND COMMUNITY DEVELOPMENT SERVICES OF SAN DIEGO,<br><br>　　　　　　　　　Defendant. | Case No.: 3:22-cv-02044-RBM-DDL<br><br>**ORDER DISMISSING CASE WITHOUT PREJUDICE** |

On December 23, 2022, Plaintiff Bennett Nelson ("Plaintiff") filed a complaint against Housing and Community Development Services of San Diego County ("Defendant") (Doc. 1), and a summons was issued the same day. (*See* Doc. 3.) On March 24, 2023, the undersigned issued an Order to Show Cause ("OSC") directing Plaintiff to show cause, in writing, on or before April 7, 2023, why this matter should not be dismissed for failure to prosecute because Plaintiff had not filed proof of service demonstrating Defendant was properly or timely served. (Doc. 6.) Plaintiff responded to the OSC on April 3, 2023. (Doc. 7.) For the reasons discussed below, the Court declines to extend the time for Plaintiff to effect service and **DISMISSES** this action without prejudice pursuant to Federal Rule of Civil Procedure ("Rule") 4(m).

/ / /

## I. LEGAL STANDARD

Pursuant to Rule 4(m), "[i]f a defendant is not served within 90 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time." FED. R. CIV. P. 4(m). However, "if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period." *Id.* Good cause, at a minimum, means excusable neglect. *Boudette v. Barnette*, 923 F.2d 754, 756 (9th Cir. 1991). "In addition to excusable neglect, a plaintiff may be required to show the following factors to bring the excuse to the level of good cause: '(a) the party to be served personally received actual notice of the lawsuit; (b) the defendant would suffer no prejudice; and (c) plaintiff would be severely prejudiced if his complaint were dismissed.'" *Lemoge v. United States*, 587 F.3d 1188, 1198 n.3 (9th Cir. 2009) (citing *Boudette*, 923 F.2d at 756).

## II. DISCUSSION

The Court's OSC issued on March 24, 2023 ordered Plaintiff to provide good cause for his failure to serve Defendant within the 90-day time frame prescribed by Rule 4(m). (*See* Doc. 6 at 1.) The Court specifically cautioned that failure to timely respond may result in dismissal of this lawsuit. (*Id.* at 1–2.) Plaintiff did respond to the OSC on April 3, 2023. (Doc. 7.) However, Plaintiff's response does not provide good cause for his failure to prosecute. (*See id.*) Rather, Plaintiff provides a three-sentence response alleging that he is "currently on Long Term Disability due to employer harassment." (*Id.* at 1.) Moreover, Plaintiff attaches documentation "as verification of the harassment." (*Id.*) The provided documentation relates to his underlying claims and includes correspondence between Plaintiff and his employer as well as information related to his disability/unemployment status. (*See* Doc. 7.) To date, Plaintiff has not effectuated service, and Plaintiff has not informed the Court that it ever attempted service on Defendant.

It is well established that "[p]ro se litigants must follow the same rules of procedure that govern other litigants." *King v. Atiyeh,* 814 F.2d 565, 567 (9th Cir.1987); *see also*

*Ghazali v. Moran,* 46 F.3d 52, 53–54 (9th Cir.1995) (finding that a pro se litigant's failure to follow procedural rules justified dismissal of civil rights action); *Carter v. Comm'r*, 784 F.2d 1006, 1008 (9th Cir. 1986) ("[a]lthough pro se, he is expected to abide by the rules of the court in which he litigates").  It has been roughly 146 days since this action was filed and summons was issued, which far exceeds the time for service outlined in Rule 4(m). *See* FED. R. CIV. P. 4(m) (providing that the time for service is "90 days after the complaint is filed").  Given the explicit instruction provided to Plaintiff through the March 24, 2023 OSC, the Court finds Plaintiff has failed to show good cause for his failure to prosecute this action.  Under these circumstances, there is no basis for extending the expired time for service outlined in Rule 4(m), and dismissal of this action without prejudice is warranted. *See Tucker v. City of Santa Monica*, No. CV 12-5367 FMO MAN, 2013 WL 653996, at *2 (C.D. Cal. Feb. 20, 2013) (dismissing action without prejudice "for failure to effect service of process in compliance with Rule 4(m)"); *see also Allan Fam. Tr. v. City of San Diego*, No. 21-CV-2049-JO, 2022 WL 7675275, at *2 (S.D. Cal. Oct. 13, 2022).

### III.   CONCLUSION

Based on the foregoing, the Court **DISMISSES** this action without prejudice pursuant to Rule 4(m).

**IT IS SO ORDERED**.

Dated:  May 18, 2023

_____
HON. RUTH BERMUDEZ MONTENEGRO
UNITED STATES DISTRICT JUDGE